**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:06cr147

JUDGE HAWKINS, JR.,

      Defendant.

<u>ORDER</u>

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Court held a hearing on February 12, 2007, on the United States Government's motion to detain Defendant. The Court FINDS that the following facts mandate Defendant's detention pending his trial.

On November 2, 2006, a federal grand jury issued an indictment charging Defendant with one (1) count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). The Court FINDS that these charges, by their nature, "involve[] a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," and thus are each a "crime of violence" for detention purposes under 18 U.S.C. § 3142(f)(1)(A), which provides the basis for the Government's motion to detain Defendant. <u>See</u> 18 U.S.C. § 3156(a)(4)(B) (defining "crime of violence"). The Court notes that these charges do not, however, give rise to a rebuttable presumption of detention. <u>See</u> 18 U.S.C. § 3142(e).

Detective Carini, Virginia Beach Police Department (formerly a Task Force Agent, Alcohol, Tobacco & Firearms), testified and was cross-examined by counsel for Defendant.  The Government and Defendant also proceeded by proffer.

The Court, having taken into consideration the proffers of counsel, the Pretrial Services Report, and the grand jury indictment of November 2, 2006, FINDS by clear and convincing evidence that Defendant is a danger to the community.  The Court further FINDS that there is no condition or combination of conditions that will reasonably assure the safety of the community.

The Court considered the nature and seriousness of the charges faced by Defendant.  If convicted on evidence beyond a reasonable doubt at trial, Defendant faces significant penalties, including up to ten (10) years imprisonment and a $250,000 fine.

The weight of the evidence against Defendant is strong.  Based on a call to a police dispatcher, law enforcement officers confronted Defendant in the 2100 block of Atlantic Avenue in Virginia Beach, Virginia.  Defendant was found to have in his possession, located in a holster on his person, a loaded 9mm pistol.

The Court also considered the personal history and characteristics of Defendant.  He has been unemployed since December, 2006, and has no income or asserts.  Defendant has an extensive criminal history, including convictions for at least ten

(10) felonies and six (6) misdemeanors.  His state probation has been revoked and he has failed to appear on numerous occasions.

In view of the facts as set forth above, the Court FINDS by clear and convincing evidence that Defendant represents a danger to the community.  The Court further FINDS that no condition or combination of conditions will reasonably assure the safety of the community.

The Court, therefore, ORDERS Defendant to be DETAINED pending his trial.  See 18 U.S.C. § 3142(e) and (f); United States v. Gebro, 948 F.2d 1118, 1121 (9th Cir. 1991); United States v. Araneda, 899 F.2d 368, 370 (5th Cir. 1990); United States v. Jackson, 823 F.2d 4, 5 (2d Cir. 1987); United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985).

Consequently, the Court further ORDERS Defendant committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for an appearance in connection with a court proceeding.

The Clerk shall mail or deliver a copy of this order to (i) the United States Attorney at Norfolk, (ii) the United States Marshal at Norfolk, (iii) the United States Pretrial Services Office at Norfolk, and (iv) counsel of record for Defendant.

Entered on February 14, 2007

                                                /s/
                                    F. Bradford Stillman
                                    United States Magistrate Judge